# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LARRY D. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV412-224 |
| CHATHAM COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Before the Court is Larry Smith's 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28

U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Smith contends that he is being held in violation of his constitutional rights since he is charged with a crime he did not commit. (Doc. 1 at 5.) He asks only for "justice" as relief. (*Id.* at 6.) While he might conceivably be advancing a false arrest claim, he has not asked for damages, alleged that the arresting officer lacked probable cause, or offered any facts supporting such a claim. *See Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) ("A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis of a section 1983 claim."); *Marx v. Gumbinner*, 905 F.2d 1503, 1505-06 (11th Cir. 1990); *Herren v. Bowyer*, 850 F.2d 1543, 1547 (11th Cir. 1988) ("The law is

'clearly established' that an arrest without a warrant or probable cause to believe a crime has been committed violates the fourth amendment"); *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990) (violation of the Fourth Amendment right not to be arrested without probable cause gives rise to a claim for damages under § 1983).

In any event, it is unclear whether or not he was arrested pursuant to a warrant. If he was, his claim is not yet ripe, since an element of the tort of malicious prosecution is the termination of the criminal proceedings in plaintiff's favor. *Wallace v. Kato*, 549 U.S. 384, 392 (2007), *quoting Heck v. Humphrey*, 512 U.S. 477, 484 (1994). That is, "a § 1983 action seeking damages for unconstitutional conviction or confinement [pursuant to legal process] cannot be pursued unless the underlying criminal case has been dismissed or reversed in favor of the criminal defendant." *Hust v. Wyoming*, 372 F. App'x 708, 710 (9th Cir. 2010) (emphasis added). Plaintiff has not yet shown that the proceedings have terminated in his favor. Hence, such a claim has yet to accrue and is not cognizable under § 1983. *Id.* at 710 n.1 (distinguishing false arrest or imprisonment claims); *see Heck*, 512 U.S. at 486-87; *Rogers v. Adams*,

103 F. App'x 63, 64 (8th Cir. 2004) (applying *Heck*); *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (same).

To the extent Smith's claim is targeted at interrupting an ongoing state prosecution, the Court should abstain from considering it. *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.") (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This Court may not enjoin the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Here, Smith has not met any of the exceptions.[1]

---

[1] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is

4

Additionally, if he seeks release from incarceration, he is in substance bringing a habeas action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to pursue federal habeas relief he must first exhaust his state court remedies. If he wishes to proceed with such a claim, he must file a habeas petition, but he is advised such a petition would likely be subject to immediate dismissal for lack of exhaustion.

Finally, the Chatham County Jail is not a legal entity capable of being sued. *See, e.g., Miller v. Benton County Jail*, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to

---

warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass").

suit); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); *Agnew v. St. Joseph County Jail*, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law). Hence, any claim against it fails.

For all of the reasons explained above, plaintiff's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-427 (11th Cir. 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and

amendment may not have been futile given additional documentary evidence attached to her appellate brief).

Meanwhile, Smith must pay for filing this lawsuit. Based upon his furnished information, he owes no initial partial filing fee, since he has no funds. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account, however, and then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current

custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 22nd day of October, 2012.

*/s/ signature*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**